# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| PATRICK WADE HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 1:16-cv-00043 |
| ) | CHIEF JUDGE CRENSHAW |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court are the Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Doc. No. 1); the Government's Response (Doc. No. 5); the Government's Supplemental Brief (Doc. No. 8); the Petitioner's Reply (Doc. No. 10); and the Petitioner's Supplemental Pleading (Doc. No. 11). For the reasons set forth herein, the Motion To Vacate (Doc. No. 1) is DENIED, and this action is DISMISSED.

### II. Procedural and Factual Background

In the underlying criminal case, the Petitioner pled guilty, before now-retired Judge William J. Haynes, Jr., to unlawful possession of a firearm by a convicted felon. (Doc. Nos. 30, 32 in Case No. 1:14cr00006). Through the Plea Agreement, the Petitioner acknowledged that he qualified as an Armed Career Criminal, and that he was subject to a mandatory minimum sentence of 180 months of imprisonment. (Doc. No. 32, at 6, 9, in Case No. 1:14cr00006). The parties estimated the Petitioner's advisory sentencing guideline range to be 188 to 235 months, and ultimately agreed to a sentence of 188 months. (Id., at 9-10). After the change-of-plea hearing, the case was randomly

reassigned to now-retired Judge Todd J. Campbell. (Doc. Nos. 33, 34 in Case No. 1:14cr00006).

At the subsequent sentencing hearing, Judge Campbell adopted the Presentence Investigation Report, determined that the advisory sentencing guideline range was 188 to 235 months, and imposed the 188-month agreed sentence. (Doc. Nos. 40, 41, 42 in Case No. 1:14cr00006). The record reveals that no appeal was taken.

III. Analysis

A. The Section 2255 Remedy

28 U.S.C. Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In order to obtain relief under Section 2255, the petitioner must demonstrate constitutional error that had a "'substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Hamblen v. United States, 591 F.3d 471, 473 (6th Cir. 2009)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

The court should hold an evidentiary hearing in a Section 2255 proceeding where a factual dispute arises, unless the petitioner's allegations "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'" Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013)(quoting Arredondo v. United States,

178 F.3d 778, 782 (6th Cir. 1999)). In addition, no hearing is required where "the record conclusively shows that the petitioner is entitled to no relief." Arredondo, 178 F.3d at 782 (quoting Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996)). See also Fifer v. United States, 660 F. App'x 358, 359 (6th Cir. Aug. 22, 2016).

Having reviewed the pleadings, briefs and records filed in the Petitioner's underlying criminal case, as well as the pleadings, briefs and records filed in this case, the Court finds that it need not hold an evidentiary hearing in this case to resolve the Petitioner's claims. The record conclusively establishes that the Petitioner is not entitled to relief on his claims for the reasons set forth herein.

B. Petitioner's Status as an Armed Career Criminal

In his Motion To Vacate, the Petitioner argues that after the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), he no longer qualifies to be sentenced as an Armed Career Criminal. In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA provides for a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The statute goes on to define "violent felony" as follows, with the residual clause set forth in italics:

> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or

>     destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(emphasis added).

The Court's decision did not call into question the remainder of the Act's definition of "violent felony," nor did the Court address the Act's definition of "serious drug offense." 135 S. Ct. at 2563. In Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that the Johnson decision announced a substantive rule that applies retroactively on collateral review.

The Petitioner's criminal history, as outlined in the Presentence Investigation Report, includes 22 prior Tennessee convictions for aggravated burglary, and 14 prior Tennessee convictions for burglary. As the Petitioner points out, the Sixth Circuit has recently held that a conviction for aggravated burglary under Tennessee law does not qualify as a "violent felony" under the ACCA. United States v. Stitt, 860 F.3d 854 (6th Cir. 2017).

The Government argues that even if the Court ignores the Petitioner's aggravated burglary convictions, the Petitioner remains an Armed Career Criminal because his burglary convictions satisfy the enumerated offense clause of the ACCA's "violent felony" definition.

In order to determine whether a prior conviction satisfies the elements of an enumerated offense, the court must compare the elements of the statute of conviction with the elements of the

"generic" crime. See, e.g., Taylor v. United States, 495 U.S.575, 599-600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). A prior conviction qualifies as a predicate offense under the ACCA only if the statute's elements are the same as, or narrower than, those of the generic offense. Id. With respect to the enumerated offense of burglary, the Supreme Court has held that the generic offense is defined as an "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598.

The Tennessee burglary statute, Tennessee Code Annotated Section 39-14-402, provides as follows:

> (a) A person commits burglary who, without the effective consent of the property owner:
>
>> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
>>
>> (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
>>
>> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or
>>
>> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.
>
> (b) As used in this section, "enter" means:
>
>> (1) Intrusion of any part of the body; or
>>
>> (2) Intrusion of any object in physical contact with the body or any object controlled by remote control, electronic or otherwise.
>
> (c) Burglary under subdivision (a)(1), (2) or (3) is a Class D felony.

(d) Burglary under subdivision (a)(4) is a Class E felony.

In a recent decision, the Sixth Circuit reaffirmed its prior holding that convictions under subsections (a)(1)-(3) of the this statute qualify as "violent felonies" under the ACCA's enumerated offense clause:

> In Priddy, we held that all Class D burglary convictions under Tennessee law—that is, convictions under subsections (a)(1), (a)(2), or (a)(3) of the Tennessee burglary statute—fit within the generic definition of burglary and are therefore violent felonies for purposes of the ACCA. [United States v. Priddy, 808 F.3d 676, 684–85 (6th Cir. 2015)]. The judgments in Ferguson's burglary convictions indicate that he was thrice convicted of the Class D variant of Tennessee burglary. Accordingly, Priddy dictates that his three burglary convictions are violent felonies, and the district court's finding that he is an armed career criminal was proper.

United States v. Ferguson, 868 F.3d 514, 515 (6th Cir. 2017). That holding, the court noted, was not undermined by the decision in United States v. Stitt. Id., at 516.

As the Petitioner acknowledges in his latest filing (Doc. Nos. 11, 11-1) in this case, the judgments for his state court burglary convictions indicate that they were all Class D felonies. Therefore, the convictions qualify as "violent felonies" under the ACCA's enumerated offense clause, and the Petitioner's status as an Armed Career Criminal remains unchanged. Accordingly, the Petitioner's Motion To Vacate is without merit.

IV. Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's request for Section 2255 relief should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum Opinion, and accompanying Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because the Petitioner has failed to make a substantial

showing of the denial of a constitutional right. <u>Castro v. United States</u>, 310 F.3d 900 (6th Cir. 2002).

An appropriate order will be entered.

                                                 _____
                                                 WAVERLY D. CRENSHAW, JR.
                                                 Chief United States District Judge